UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WACOM CO., LTD. and WACOM TECHNOLOGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>BING BANG BOOM (also known as DEALTRONICS), RALPH POPHAM, CHARGEWORLD, VICTOR MCDOUGAL, MIELE'S (also known as MANSTORE), JEFFREY WINTON, QUAVER (also known as STYLEBYTE), MARTIN BALOG, SIMULSTORE, KULAP SIMONIS, TECHWAVE, MU WEN JUAN, AND JOHN DOES 1-25.<br><br>Defendants. | Civil Action No. 3:14-cv-05106-BHS<br><br>**ASSET RESTRAINING ORDER**<br><br>**PUBLIC VERSION**<br><br>**NOTE ON MOTION CALENDAR:**<br>**November 21, 2014** |

This matter comes before the Court upon Plaintiffs Wacom Co., Ltd.'s and Wacom Technologies Corporation's (collectively, "Plaintiffs") *Ex Parte* Motion for an Asset Restraining Order freezing during the pendency of the litigation certain accounts and assets owned or controlled by Defendants Bing Bang Boom (also known as Dealtronics), Ralph Popham, Chargeworld, Victor McDougal, Miele's (also known as Manstore), Jeffrey Winton, Quaver (also known as Stylebyte), Martin Balog, Simulstore, Kulap Simonis, Techwave, Mu Wen Juan, and John Does 1-12 (collectively, the "Remaining Defendants"), or those acting in concert with them, within the United States or otherwise in United States commerce. Having reviewed the materials submitted, and being fully advised, the Court GRANTS Plaintiffs' Motion as follows:

1. The Court GRANTS Plaintiffs' *Ex Parte* Motion, and does so without notice to the Remaining Defendants, because the Court finds:

ASSET RESTRAINING ORDER
(PROPOSED) – 1
Case No. 3:14-cv-05106-BHS

Kenyon & Kenyon LLP
1801 Page Mill Rd., Ste. 210
Palo Alto, CA 94304
650-384-4700

a. The Remaining Defendants could not be served with the Complaint or the Motion because of their own acts in supplying false names and address information in the course of their sales and business operations;

b. The Court has personal jurisdiction over the Defendants, and venue for this action is proper in this Court. These findings are without prejudice to the Remaining Defendants, should they choose to contest personal jurisdiction and/or venue following service of the Complaint;

c. Plaintiffs have carried their burden of showing a likelihood of success on the merits of their claim for federal trademark infringement of Plaintiffs' federally registered trademarks 3,344,421, 3,509,376, 3,534,336, 3,537,343, and 3,540,537 as alleged in Plaintiffs' First Amended Complaint in this action;

d. Plaintiffs will suffer immediate irreparable harm unless Defendants' assets are frozen and any transfer or other dissipation is restrained;

e. There is a real and substantial probability that the Remaining Defendants, or others who are acting in concert with them, will secrete or transfer beyond the Court's jurisdiction the funds or other assets that are the subject of this Asset Restraining Order in the event such defendants learn of this Asset Restraining Order before the assets covered by the order are restrained, thus frustrating the ultimate relief that Plaintiffs seek in this action; and

f. The balance of the parties' prospective harms, the equities, and the interests of justice and the public support granting such relief, because the harm to Plaintiffs from the denial of the requested *ex parte* order outweighs the harm to the Remaining Defendants' legitimate interests against granting such an order.

ASSET RESTRAINING ORDER
(PROPOSED) – 2
Case No. 3:14-cv-05106-BHS

Kenyon & Kenyon LLP
1801 Page Mill Rd., Ste. 210
Palo Alto, CA 94304
650-384-4700

2. The Court GRANTS Plaintiffs' *Ex Parte* Motion for an Asset Restraining Order freezing the Remaining Defendants' asset accounts, including any and all accounts with banks, credit card companies, stock brokerage firms, insurance companies and/or other financial institutions, and any and all linked or associated accounts, whether held in the name of one of the defendants, or under another alias, a true name, or those acting in concert with the defendants, and including accounts held in the name of any persons or entities who are joint owners or holders of any of the foregoing accounts.

3. The Asset Restraining Order is granted pursuant to Federal Rule of Civil Procedure 65, the Court's general equitable power, 17 U.S.C. § 504(b), 15 U.S.C. § 1117(a), and 18 U.S.C. § 2318(f)(3)(A).

4. The Court hereby RESTRAINS AND ENJOINS the persons and entities identified below who are indicated as **Restrained Parties**, from transferring, disposing of, encumbering or secreting any of the accounts or assets identified below as **Restrained Assets**:

   a. **Restrained Parties**

      i. Remaining Defendants Bing Bang Boom (also under the name Dealtronics), Ralph Popham, Chargeworld, Victor McDougal, Miele's (also under the name Manstore), Jeffrey Winton, Quaver (also under the name Stylebyte), Martin Balog, Simulstore, Kulap Simonis, Techwave, and Mu Wen Juan;

      ii. Any persons or entities using the true names or any other aliases of any of the Remaining Defendants;

      iii. Any persons or entities acting on behalf of or in concert with the Remaining Defendants;

ASSET RESTRAINING ORDER
(PROPOSED) – 3
Case No. 3:14-cv-05106-BHS

Kenyon & Kenyon LLP
1801 Page Mill Rd., Ste. 210
Palo Alto, CA 94304
650-384-4700

      iv. Any persons or entities that are or were a joint account holder at any time during 2013 through the present on an account with the Remaining Defendants;

      v. Any persons or entities that are or were an account holder on any account noted in Section 4(b)(i) or (ii) of this Order;

      vi. Any persons or entities that are or were a joint account holder at any time during 2013 through the present on an account with any of the persons or entities that are or were an account holder on any account noted in Section 4(b)(i) or (ii) of this Order;

      vii. Any persons or entities that are or were an account holder on any account to which funds were transferred from one of the accounts noted in Section 4(b)(i) of this Order;

      viii. All directors, officers, shareholders, or authorized agents of any Remaining Defendant.

      ix. The following financial institutions or any other applicable financial institutions, with respect to the accounts below or any accounts held in the name of any other person or entity who is a Restrained Party under this Order:

| Financial Institution No. 1 | Financial Institution No. 2 | Routing No. | Bank Account No. | Credit/Debit Card No. |
|---|---|---|---|---|
| Wells Fargo Bank | - | ▮ | ▮ | - |
| U.S. Bancorp | Visa | | - | ▮ |
| U.S. Bancorp | Visa | | - | ▮ |
| Santander | - | | ▮ | - |
| GE Money Bank | Visa | | - | ▮ |
| First Premier Bank | Mastercard | | - | ▮ |

ASSET RESTRAINING ORDER
(PROPOSED) – 4
Case No. 3:14-cv-05106-BHS

Kenyon & Kenyon LLP
1801 Page Mill Rd., Ste. 210
Palo Alto, CA 94304
650-384-4700

| | | | | |
|---|---|---|---|---|
| Bank of America N.a. | - | ▓ | ▓ | - |
| Bank of America N.a. | - | ▓ | ▓ | - |
| Vernier-Fabiankate and/or Bestbuy | Visa | - | - | ▓ |
| U.S. Bank National Assoc. | Mastercard | - | - | ▓ |
| Chase Bank | - | ▓ | ▓ | - |
| IDF Financial Services Ltd. | Mastercard | - | - | ▓ |
| U.S. Bancorp | Visa | - | - | ▓ |
| Natwest Bank | - | ▓ | ▓ | - |
| IDF Financial Services Ltd. | Mastercard | - | - | ▓ |
| JP Morgan Chase, N.a. | - | ▓ | ▓ | - |
| US Bancorp | Mastercard | - | - | ▓ |
| US Bancorp | Mastercard | - | - | ▓ |

  x. Any other banks, credit card companies, stock brokerage firms, insurance companies, or other financial institutions holding any accounts identified in Section 4(a)(ix), or holding any assets or accounts held in the name of any person or entity set forth in Section 4(a)(i-viii) of this Order.

 b. **Restrained Assets:**

  i. The following bank accounts, whether in the name of the financial institution identified below or otherwise:

| Financial Institution | Routing No. | Bank Account No. |
|---|---|---|
| Wells Fargo Bank | ▓ | ▓ |
| Santander | ▓ | ▓ |
| Bank of America N.a. | ▓ | ▓ |
| Bank of America N.a. | ▓ | ▓ |
| Chase Bank | ▓ | ▓ |
| Natwest Bank | ▓ | ▓ |
| JP Morgan Chase, N.a. | ▓ | ▓ |

ASSET RESTRAINING ORDER
(PROPOSED) – 5
Case No. 3:14-cv-05106-BHS

Kenyon & Kenyon LLP
1801 Page Mill Rd., Ste. 210
Palo Alto, CA 94304
650-384-4700

      ii.    The following credit/debit/prepaid card accounts, whether in the name of the financial institutions identified below or otherwise:

| Financial Institution No. 1 | Financial Institution No. 2 | Credit/Debit Card No. |
|---|---|---|
| U.S. Bancorp | Visa | ■■■ |
| U.S. Bancorp | Visa | ■■■ |
| GE Money Bank | Visa | ■■■ |
| First Premier Bank | Mastercard | ■■■ |
| Vernier-Fabiankate and/or Bestbuy | Visa | ■■■ |
| U.S. Bank National Assoc. | Mastercard | ■■■ |
| IDF Financial Services Ltd. | Mastercard | ■■■ |
| U.S. Bancorp | Visa | ■■■ |
| IDF Financial Services Ltd. | Mastercard | ■■■ |
| US Bancorp | Mastercard | ■■■ |
| US Bancorp | Mastercard | ■■■ |

      iii.    All account(s), now or in the future, at banks, credit card companies, stock brokerage firms, insurance companies, and/or other financial institutions and that are in the name of:

      A.    The Remaining Defendants, or any of them;

      B.    Any persons or entities using the true names or any other aliases of any of the Remaining Defendants;

      C.    Any persons or entities acting on behalf of or in concert with the Remaining Defendants;

      D.    Any persons or entities that are or were an account holder on any account noted in Section 4(b)(i) or (ii) of this Order;

      E.    Any persons or entities that are or were a joint account holder at any time during 2013 through the present on an account with any of

ASSET RESTRAINING ORDER (PROPOSED) – 6
Case No. 3:14-cv-05106-BHS

Kenyon & Kenyon LLP
1801 Page Mill Rd., Ste. 210
Palo Alto, CA 94304
650-384-4700

        the persons or entities that are or were an account holder on any account noted in Section 4(b)(i) or (ii) of this Order;

F.   Any persons or entities that are or were a joint account holder at any time on an account with the Remaining Defendants;

G.   Any persons who are authorized signers on any account identified in 4(b)(i) or (ii), or on any bank account, credit card account, or other financial account linked to or associated with the Remaining Defendants;

H.   Any persons or entities that are or were an account holder on any account to which funds were transferred from one of the Bank Accounts noted in Section 4(b)(i) of this Order;

I.   Any directors, officers, shareholders, or authorized agents of any Remaining Defendant.

    iv.   Any other account(s) at bank, credit card companies, stock brokerage firms, insurance companies and/or financial institutions in the name of, linked to, owned or controlled by, or otherwise associated with the Remaining Defendants, any aliases, or any true names of such persons or entities, including without limitation, all such accounts that have received or that do now or do in the future receive payments from Amazon.com, Inc., a Delaware corporation, and any affiliates thereof, or have received or are receiving deposits or transfers from any account(s) identified in Paragraphs 4(b)(i) of this Order.

5.   Once all of the above accounts associated or linked with a particular defendant or defendant group have been restrained, Plaintiffs shall (a) provide notice to such defendant

ASSET RESTRAINING ORDER
(PROPOSED) – 7
Case No. 3:14-cv-05106-BHS

Kenyon & Kenyon LLP
1801 Page Mill Rd., Ste. 210
Palo Alto, CA 94304
650-384-4700

1 | or defendant group of the attached Order within a reasonable time of Plaintiffs' discovery of such Defendant's *bona fide* name and address; and (b) send a copy of the notice to the last known email address of said Defendant.

6. This Asset Restraining Order shall take effect immediately and shall remain in effect during the pendency of the litigation or until further order of this Court, whichever is earlier. Defendants may apply to the Court for dissolution or modification of this Asset Restraining Order.

7. Plaintiffs are directed to file proof of bond in the amount of $20,000 within seven court days of this Order. The bond shall serve as security for all claims with respect to this Asset Restraining Order and any additional injunctive relief ordered by the Court in this action.

**IT IS SO ORDERED.**

Dated this 24 day of Nov 2014.

_____
UNITED STATES DISTRICT COURT JUDGE
BENJAMIN H. SETTLE

Presented By:

ASSET RESTRAINING ORDER
(PROPOSED) – 8
Case No. 3:14-cv-05106-BHS

Kenyon & Kenyon LLP
1801 Page Mill Rd., Ste. 210
Palo Alto, CA 94304
650-384-4700

1  KENYON & KENYON LLP

2

3  s/ Michael N. Zachary
   Michael N. Zachary, WSBA No. 27064
   1801 Page Mill Road, Suite 210
4  Palo Alto, CA 94304
   Telephone: 650-384-4700
5  Facsimile: 650-384-4701
   E-mail: mzachary@kenyon.com
6
   *Attorney for Plaintiffs*
7  WACOM CO., LTD. and WACOM
   TECHNOLOGY CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ASSET RESTRAINING ORDER
(PROPOSED) – 9
Case No. 3:14-cv-05106-BHS

Kenyon & Kenyon LLP
1801 Page Mill Rd., Ste. 210
Palo Alto, CA 94304
650-384-4700