Honorable Benjamin J. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WACOM CO., LTD. and WACOM TECHNOLOGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>BING BANG BOOM (also known as DEALTRONICS), RALPH POPHAM, KELLY HUMPHREY, NAALIE HUMPHREY, CHARGEWORLD, VICTOR MCDOUGAL, MIELE'S (also known as MANSTORE), JEFFREY WINTON, QUAVER (also known as STYLEBYTE), MARTIN BALOG, JIANPING FENG, MINFANG XU, SIMULSTORE, KULAP SIMONIS, TECHWAVE, MU WEN JUAN, YE LIU MANN, AND JOHN DOES 1-25.<br><br>Defendants. | Civil Action No. 3:14-cv-05106-BHS<br><br>**ORDER OF DEFAULT JUDGEMENT AGAINST DEFENDANT YE LIU MANN** |

This matter comes before the Court on Plaintiffs' Wacom Co., Ltd.'s and Wacom Technology Corporation's ("Wacom" or "Plaintiffs") Motion for Default Judgment against Defendant Ye Liu Mann ("Mann" or "Defendant").

[PROPOSED] ORDER JUDGMENT

Kenyon & Kenyon LLP
1801 Page Mill Rd, Ste. 210
Palo Alto, CA 94304
650-384-4700

The Court finds as follows:

1. The Court has subject matter jurisdiction over the case.

2. The Court has personal jurisdiction over Defendant Ye Liu Mann.

3. The Court has previously entered a default against Defendant Ye Liu Mann based upon her failure to respond to the complaint. [D.I. 84]

4. Defendant Mann engaged in a scheme to sell counterfeits of Wacom's Bamboo Stylus Solo touch pens. Defendant Mann sold $14,281.00 in counterfeits of Wacom's Bamboo Stylus Solo touch pens through Amazon.com. Plaintiffs would have sold the genuine pens for at least $29,513.05.

5. Defendant Mann's sales of counterfeits infringed Wacom's design patent D655,292.

6. Defendant Mann's sales of counterfeits infringed Wacom's registered U.S. trademarks 3,344,421, 3,509,376, 3,537,343, 3,534,336, and 3,540,537.

7. Wacom's damages arising from Mann's infringement were $29,513.05, after eliminating duplication between the trademark and patent infringement damages.

7. Defendant Mann's trademark infringement was willful.

8. The Court finds that the amount of Wacom's damages should be trebled on account of willful trademark infringement.

9. The trebled amount of damages is 88,539.15.

10. Because Mann engaged in the willful use of counterfeit marks on counterfeit goods in violation of 15 U.S.C. § 1114(1)(a), the Court may, based upon the election of Wacom, award either the damages sustained by Wacom (including trebling), or statutory damages under 15 U.S.C. § 1117 of between $1,000 to $2,000,000 per mark per type of good sold. Wacom has demonstrated infringement of five registered marks by one type of good. The maximum statutory damages that could be awarded to Wacom is $10,000,000. Wacom has elected the higher of the two awards.

11. The Court finds that the amount of $300,000 is an appropriate amount to award in statutory damages for the willful use of counterfeit marks.

1   12. Wacom has incurred $46,128.25 in attorneys' fees and related expenses in
2   connection with filing and pursuing this litigation against Defendant Mann.

3   13. The Court finds that it is appropriate to award attorneys' fees against Defendant
4   Mann in view of her willful counterfeiting and trademark infringement.

5   14. All defendants other than Defendant Mann have previously been dismissed from
6   the case.

7   15. The Court previously entered an Asset Restraining Order against assets and
8   accounts of Mann that could be located, and required Wacom to post a bond of $20,000 for the
9   pendency of the Asset Restraining Order.

10   16. Based on her conduct as set forth and referred to in Plaintiffs' Motion for an Asset
11   Restraining Order [D.I. 45 and 46], and in Plaintiffs' Motion for a Default Judgment, the Court
12   finds that there is a high risk that Defendant Mann would remove, withdraw or transfer assets in
13   the event Plaintiffs locate such assets.  The Court therefore finds it appropriate to restrain her
14   assets and accounts as part of the default judgment.

15   17. The Court also finds it appropriate based upon Defendant Mann's infringement to
16   issue an injunction restraining her and those acting in concert with her from further infringement
17   of Wacom's patent and trademarks as set forth above.

18   18. The Court finds that post-judgment discovery will likely be required to discover
19   accounts and assets of Defendant Mann in order to satisfy the judgment.

20   Accordingly, the Court grants Plaintiffs' Motion for Default Judgment against Defendant
21   Ye Liu Mann, and hereby enters default judgment against Defendant Mann and in favor of
22   Wacom Co., Ltd. and Wacom Technology Corporation as follows:

23   A. The Court hereby declares that Defendant Mann is in default of Wacom's Second
24   Amended Complaint (Dkt. 71).

25   B. The Court hereby declares that Defendant Mann has infringed Wacom's U.S.
26   Patent No. D655,292.

27   C. The Court hereby declares that Defendant Mann has willfully infringed Wacom's
28   registered U.S. trademarks 3,344,421, 3,509,376, 3,537,343, 3,534,336, and 3,540,537, including

but not limited to by offering for sale and selling counterfeit Bamboo® Stylus Solo touch pens.

D.   The Court hereby declares that Defendant Mann has willfully used counterfeits of Wacom registered U.S. trademarks 3,344,421, 3,509,376, 3,537,343, 3,534,336, and 3,540,537.

E.   The Court hereby permanently enjoins Defendant Mann and her agents, officers, assigns and all other acting in concert with her from infringing Wacom's registered trademarks 3,344,421, 3,509,376, 3,537,343, 3,534,336, and 3,540,537 and from infringing Wacom Patent D655,292.

F.   Wacom Co., Ltd. and Wacom Technology Corporation shall jointly have judgment against Mann for statutory damages in the amount of $300,000.

G.   Wacom Co., Ltd. and Wacom Technology Corporation shall jointly have judgment against Mann for attorneys' fees in the amount of $46,128.25, in addition to the amount of damages, for a total award of $346,128.25.

H.   Defendant Mann's assets and accounts are hereby restrained, and Defendant, her agents, officers, assigns and all others acting in concert with her are hereby prohibited from moving, transferring, encumbering, withdrawing, disposing of or secreting any assets or accounts. This asset restraint shall remain in place until either Wacom files a satisfaction of judgment with the Court, or the Court grants relief, if any, from this restraint based upon the application of Defendant Mann.  This order restraining Mann's assets and accounts shall in no way prevent Wacom or its assigns from levying upon and executing upon this default judgment.  The Asset Restraining Order entered by the Court pending the litigation (Dkt. 61) is superseded by this provision of the Order on Default Judgment.

I.   The bond filed by Wacom with the Court and required as part of the previous Asset Restraining Order issued by the Court [D.I. 61 and 66] is hereby exonerated.

J.   All claims of Wacom against Defendant Mann set forth in the Second Amended Complaint [D.I. 71] except the 1st and 3rd causes of action for trademark and patent infringement, which are the subject of this judgment, are hereby dismissed without prejudice.

K.   The Court hereby grants leave to Wacom and its assigns to engage in such post-judgment discovery, including depositions, document requests, and third party subpoenas for

documents and depositions, as they deem appropriate in order to discover, levy upon and execute upon any assets and accounts of Defendant Mann.

L. The Court shall retain jurisdiction to enforce and/or to modify the restraining order against Defendant Mann as appropriate, and to oversee any post-judgment discovery.

IT IS SO ORDERED this 16th day of December, 2015.

BENJAMIN H. SETTLE
United States District Judge